# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00386-CV

---

### Meandering Bend, LLC and ATX Tillery, LLC, Appellants

### v.

### Paul A. Saustrup, Appellee

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-000790, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellants Meandering Bend, LLC and ATX Tillery, LLC filed a notice of appeal on April 20, 2026. The record in this case reveals that the trial court signed a final judgment on March 5, 2026, and that appellants filed a motion for new trial on April 20, 2026.

Timely filing of a notice of appeal is necessary to invoke this Court's appellate jurisdiction. *Texas Ent. Ass'n v. Combs*, 431 S.W.3d 790, 796 (Tex. App.—Austin 2014, pet. denied); *see* Tex. R. App. P. 25.1(b) (noting that appeal is perfected when written notice of appeal is filed). A notice of appeal generally must be filed within thirty days after the judgment is signed. Tex. R. App. P. 26.1. However, the filing of certain post-judgment motions, including a timely motion for new trial, will extend the deadline to ninety days after the judgment is signed. *See id.* R. 26.1(a); *see also id.* R. 5 (providing that trial court may not enlarge time period for any action related to new trials except as provided by rules).

Appellants' motion for new trial was due on or before April 4, 2026, but because that date was a Saturday, the motion was due April 6, 2026. *See* Tex. R. Civ. P. 4, 329b. Their motion for new trial, filed April 20, 2026, was therefore untimely, and its filing did not extend the deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.1(a). Thus, the deadline for appellants' notice of appeal was April 6, 2026, unless extended by this Court's granting of a motion to extend filed within fifteen days of that date. *See id.* R. 26.3. Appellants did not file a motion for extension of time to file their notice of appeal. On May 22, 2026, this Court requested a response from appellants by June 1, 2026, explaining how this Court may exercise jurisdiction over this appeal and informing them that their appeal may be dismissed for want of jurisdiction unless they timely respond and demonstrate jurisdiction. To date, appellants have not responded to that query.

Appellants' untimely motion for new trial did not extend the deadline to file their notice of appeal, and their notice of appeal was untimely. We therefore lack jurisdiction over this appeal and accordingly dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed: June 19, 2026